[ECF No. 138]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **800 COOPER FINANCE, LLC,**<br><br>Plaintiffs,<br><br>v.<br><br>**SHU-LIN LIU et al.,**<br><br>Defendants. | Civil No. 16-736 |
| **KL HOLDINGS, INC. et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**800 COOPER FINANCE, LLC et al.,**<br><br>Defendants. | Civil No. 17-456 |

**OPINION AND ORDER**

This matter is before the Court by way of a Motion for Reconsideration ("Motion") [ECF No. 138] by Counterclaim Defendants/Plaintiffs 800 Cooper Finance, LLC ("800 Cooper Finance"), Jimmy Kwong and Katharina M. Gregorio (collectively "Counterclaim Defendants"). The Court received Counterclaim Plaintiffs/Defendants Shu-Lin Liu and Jolin Chiaolin Tsao ("Counterclaim Plaintiffs") opposition [ECF No. 139].[1] The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons

---

[1] Counterclaim Plaintiffs opposition was filed one-day late due to a power glitch in Counterclaim Plaintiffs counsel's home office. *See* Letter from Peter J. Boyer, Esquire dated Oct. 5, 2021 [ECF No. 140]. The Court finds that a one-day delay is not prejudicial and will consider the filing. The Court will note that Counterclaim Defendants did not file any responsive pleading to Counterclaim Plaintiffs opposition or letter.

1

set forth herein, it is hereby Ordered that Counterclaim Defendants motion is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

Counterclaim Plaintiffs seek to recover alleged excessive fees charged to them during the collection of a debt by 800 Cooper Finance. Discovery in this matter has been ongoing and contentious. On March 3, 2021, the Honorable Joseph H. Rodriguez, U.S.D.J., issued an Order and Opinion [ECF Nos. 115, 116] requiring Counterclaim Defendants Kathryn Gregorio and Jimmy Kwong to participate in a deposition by March 31, 2021. As a result of these depositions, on or about April 30, 2021, Counterclaim Plaintiffs served Counterclaim Defendants with a request to produce copies of documents that were identified during the depositions. *See* Apr. 30, 2021 Letter Notice to Produce [ECF No. 125-1]. Of relevance are the requests for the:

1. Operating Agreement for Kvest Camden, LLC ("Item 1");
2. Tax returns for Kvest Camden LLC and 800 Cooper Finance LLC ("Item 2");
3. K-1's received by Kwong, Gregorio and members of Kvest LLC for 2016 and 2017 ("Item 3");
4. Documents evidencing names and address of members of Kvest Camden LLC and their respective ownership interests in Kvest Camden LLC ("Item 4");
5. Documents evidencing amounts actually received by each of the members of Kvest Camden LLC when that entity was the subject of a Certificate of Cancellation ("Item 5");

*Id.*

Counterclaim Defendants objected to the production of the documents stating, *inter alia*, that the requests were "excessively broad . . . unduly burdensome . . . and not reasonably calculated to lead to the discovery of admissible evidence." *See* Resp. of 800 Cooper Finance [ECF No. 125-2]. On August 17, 2021, the Court held a discovery hearing and heard arguments on each item in dispute. The Court then permitted the parties to submit supplemental briefings. Counterclaim Plaintiffs submitted an additional letter brief on August 18, 2021 [ECF No. 130] and Counterclaim

Defendants filed a response on August 20, 2021 [ECF No. 133]. After considering the various letter briefs and oral arguments presented, on September 3, 2021 the Court issued an Opinion and Order ("Opinion and Order") [ECF No. 135] compelling a limited production of discovery.

Shortly thereafter, on September 17, 2021, Counterclaim Defendants filed the instant motion for reconsideration. Counterclaim Defendants solely seek reconsideration of the requirement to produce the full names, addresses, and other personal identifiers of the individual members of Kvest contained in the: (1) Operating Agreement for Kvest, and (2) K-1 forms. *See* Countercl. Defs.' Mot. at 1 [ECF No. 138-1]. Counterclaim Defendants argue the production of the names, addresses, and tax identifiers of Kvest members is premature and not relevant to the litigation. *Id*. at 5-7. Counterclaim Plaintiffs oppose the motion and argue that the issues have been "raised, briefed, considered, and rejected by this Court in reaching its determination to compel the disclosure of the names and identifying information of the Kvest members who ultimately received distributions." *See* Countercl. Pls.' Br. at 3. [ECF No. 139]. The Court agrees with Counterclaim Plaintiffs.

## **ANALYSIS**

Counterclaim Defendants motion is governed by L. Civ. R. 7.1(i) which states:

> Unless otherwise provided by statute or rule, a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

It is well settled that a motion for reconsideration is an "extremely limited procedural vehicle" that is granted very sparingly. *Resorts Int'l, Inc. v. Greate Bay Hotel & Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992); *see also*, *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). The

purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (quoting *Max's Seafood Cafe v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999)). A court will grant a motion for reconsideration where there has been a showing that dispositive factual matters or controlling decisions of law were overlooked by the court. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). The operative term in the rule is overlooked. *Id*. Conversely, a court will not grant a motion for reconsideration "where a party simply asks the court to analyze the same facts and cases it had already considered in reaching its original decision." *Tehan*, 111 F. Supp. 2d at 549. A motion for reconsideration is "not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

      Here, Counterclaim Defendants' motion must be granted in part and denied in part. In the Court's September 3, 2021 Opinion and Order, the Court limited the scope of discovery to protect the various privacy interests, including those associated with tax documents. However, as argued by Counterclaim Defendants, the Court did not specify what, if any, personal identifiers on the tax forms should be redacted. This non-dispositive factor was overlooked by the Court. As such, to the extent that Counterclaim Defendants' motion for reconsideration seeks clarification on the ability to redact personal tax identifiers—*i.e.*, social security numbers—of Kvest members contained in the limited documents Ordered in the Court's September 3, 2021 Opinion and Order,

Counterclaim Defendants' motion is GRANTED. In all other respects, Counterclaim Defendants' motion is DENIED. Counterclaim Defendants' motion includes no new arguments of law or fact, no new evidence, nor omissions in the evidence considered by Court. Rather, Counterclaim Defendants seek to have the Court analyze the same facts and arguments that were considered when it determined that the disclosures of the full names and addresses of the Kvest members was not premature and relevant to Counterclaim Plaintiffs' claims. Thus, Counterclaim Defendants motion for reconsideration is DENIED.

**IT IS THEREFORE ORDERED** this **10th** day of **November 2021**, that Counterclaim Plaintiffs motion for reconsideration [ECF No. 138] is **Granted** in part, as specified below, and **Denied** in part; it is further

**ORDERED** that Counterclaim Defendants may redact tax identifiers—*i.e.*, social security numbers—of Kvest members contained in the limited documents Ordered in the Court's September 3, 2021 Opinion and Order [ECF No. 135]; it is further

**ORDERED** that Counterclaim Defendants shall produce the full names and addresses of Kvest members contained in the limited documents Ordered in the Court's September 3, 2021 Opinion and Order [ECF No. 135] within five (5) days of this Order; it is further

**ORDERED** that all other requests by Counterclaim Defendants not specified above, are **DENIED**.

                                                         s/ Sharon A. King
                                                         SHARON A. KING
                                                         United States Magistrate Judge