

6000 Sagemore Drive, Suite 6301
Marlton, NJ 08053-3900

main 856.355.2900
fax 856.355.2901

www.hylandlevin.com

**David R. Dahan**
*Direct* 856.355.2991
dahan@hylandlevin.com

January 23, 2023

<u>**Via ECF and Email**</u>
Honorable Sharon A. King, U.S.M.J
United States District Court for the District of New Jersey
Mitchell H. Cohen U.S. Courthouse, Room 2060
1 John F. Gerry Plaza
4th & Cooper Streets | Camden, NJ 08101
njdnef_king@njd.uscourts.gov

> Re: <u>800 Cooper Finance, LLC v. Shu-Lin Liu, et al.</u>,
> Civil Action No. 1:16-cv-00736-JHR-SAK
>
> <u>KL Holdings, Inc., et al. v. 800 Cooper Finance, LLC</u>,
> Civil Action No. 1:17-cv-00456-JHR-SAK

Dear Judge King:

As the Court is aware, this firm represents the Counterclaim Plaintiffs, KL Holdings, Inc., Shu-Lin Liu and Jolin Chiaolin.

I write this letter to memorialize my reporting to Your Honor of the incident that took place in Your Honor's Courtroom outside of your presence prior to the settlement conference on January at 12, 2023. Your Honor advised that my options in this regard include writing a letter to the Court and requesting a copy of the Court's video (and, if available, audio) recording. Accordingly, I send this letter in that regard.

The settlement conference was scheduled for 2:00 p.m. on January 12, 2023. My office is approximately 25/30 minutes away from the Courthouse. I left my office at approximately 12:50 p.m. and entered the Courtroom, after parking, at approximately 1:30 p.m. I leave early for every Court appearance to take into account any potential traffic, time to park, etc. as I rather be 30 minutes early than 30 seconds late. I believe every member of the Bar owes that respect to the Court – especially given its busy schedule.

As 2:00 p.m. passed, someone came out who I believe was the Courtroom Deputy to see if my adversary, Paul Piantino, III, Esquire, and his clients, Jimmy, Kwong and Katharina M. Gregorio, were present. They were not, and I inquired as to whether they had contacted the Court to advise they were running late. At that time, I was told that nobody contacted the Court to indicate they would be late and that someone from Mr. Piantino's office had contacted the Court the day before about the settlement conference – so they were clearly aware the conference was scheduled. Mr. Piantino and his clients did not arrive in the Courtroom until approximately 2:25 p.m. I advised Mr. Piantino that I was not pleased with their failure to timely appear and that the Court should have been called in advance to let us know out of respect to Your Honor. Mr. Piantino advised that he sent an email. I then checked my emails and noticed his email was sent at 1:58 p.m. Surely, Mr. Piantino knew prior to 1:58 p.m. that he was not going to arrive on time and should have notified the Court in advance.

{H0308497.4}

Honorable Sharon A. King, U.S.M.J
January 23, 2023
Page 2

At this time, Mr. Piantino was sitting close to the wall in a chair next to Defense counsel's table. Thereafter, he proceeded to get up and walk towards me in an aggressive and threatening manner. I was sitting in my chair at Plaintiff's counsel's table the entire time and did not stand up. It was apparent to me that Mr. Piantino was seeking a physical confrontation. I asked him to back up. He finally did. At another point, Mr. Piantino told me to "mind my own business". This is my business aa my clients are parties.

Thereafter, Mr. Kwong told me "please shut the f--k up." I then advised that I would notify Your Honor of what Mr. Kwong stated and repeated what he said to me as I was writing it down. When I repeated it, Mr. Kwong said he did not say the word "please" – meaning that, according to him, he told me to "shut the f--k up".

Another member of the Bar, Shereen Chen, Esquire, and my client, Shu-Lin Liu, were present and observed this inappropriate conduct. While the late appearance by Mr. Piantino and his clients is unfortunate, what is most disturbing is Mr. Piantino walking towards me in a hostile manner in an apparent attempt to initiate a physical confrontation and Mr. Kwong's inappropriate comments.

I thank Your Honor for having two U.S. Marshals come into the Courtroom for the remainder of the proceeding. There is no place for Mr. Piantino and Mr. Kwong's conduct in a Court of law. Given that Mr. Piantino has demonstrated that he cannot maintain his composure or control his client and Mr. Kwong's inappropriate comments, I request that one or more U.S. Marshals be present for any in-person Court proceeding for the remainder of this case.

In addition, Mr. Kwong should note that I will not "shut up" and I will continue to say what I feel is appropriate to represent my clients within the law and rules.

I respectfully request a copy of the video and any audio from approximately 1:55 p.m. to approximately 2:50 p.m. on January 12, 2023 in Courtroom 5C.

It is truly unfortunate that I have to send this letter. However, I believe I have a duty to confirm my notice to the Court of this incident.

I suspect Mr. Piantino will feel the urge to respond to this letter. As a result, and to hopefully avoid any back-and-forth, this letter shall serve as a standing rejection of any and all allegations made by Mr. Piantino (and anyone from his firm), Mr. Kwong and/or Ms. Gregorio about this incident.

The contents of this letter are made without prejudice and under a full reservation of all rights, claims and remedies.

Your Honor's attention to this matter is greatly appreciated.

Respectfully,

David R. Dahan

cc:     Paul Piantino, Esquire (via email and ECF)

{H0308497.4}