[ECF No. 210]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **800 COOPER FINANCE, LLC.,**<br><br>Plaintiff,<br><br>v.<br><br>**SHU-LIN LIU et al.,**<br><br>Defendants. | Civil No. 16-736 (JHR/SAK) |
| **KL HOLDINGS, INC. et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**800 COOPER FINANCE, LLC et al.,**<br><br>Defendants. | Civil No. 17-456 (JHR/SAK) |

**OPINION AND ORDER**

This matter is before the Court on Counterclaim Plaintiffs KL Holdings, Inc., Shu-Lin Liu, and Jolin Chiaolin Tsao's (collectively, "KL Holdings," or "Counterclaim Plaintiffs") Motion to Reopen Discovery [ECF No. 210].[1] The Court received the opposition by Counterclaim Defendant 800 Cooper Finance, LLC (hereinafter "800 Cooper" or "Counterclaim Defendant") [ECF No. 215]. The Court also received Counterclaim Plaintiffs' Reply [ECF No. 217].[2] The

---

[1] Counterclaim Plaintiffs filed this motion in connection with Case Nos. 16-736 and 17-456. To avoid confusion, record citations refer to docket entries in Case No. 16-736.

[2] The Court did not consider Counterclaim Plaintiffs' reply brief as it was filed without leave of Court as required pursuant to L. Civ. R. 37.1(b)(3).

Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Counterclaim Plaintiffs' motion is **GRANTED**.

I.  **BACKGROUND**

As the parties are familiar with the lengthy procedural history of this case, the Court recites only the facts relevant to the instant motion. Discovery in this matter closed on June 30, 2021. *See* May 18, 2021 Order [ECF No. 123]. In response to Counterclaim Plaintiffs' application to compel the production of certain documents, the Court ordered 800 Cooper to produce the operating agreement of KVest Camden, LLC ("KVest"). *See* Sept. 3, 2021 Order ¶ 2 [ECF No. 135]. Counterclaim Defendant produced this document but redacted the last names, addresses and tax identifiers of KVest members. *See* Piantino Cert. in Opp'n to Mot. for Contempt and Sanctions ¶ 9 [ECF No. 152-1]. Thereafter, Counterclaim Defendant filed a motion for reconsideration, asking the Court to reconsider the provision of the September 3, 2021 Order requiring the disclosure of the information redacted by Counterclaim Defendant. *See* Countercl. Def.'s Mot. for Reconsid. [ECF No. 138-1]. In its November 10, 2021 Order, the Court permitted Counterclaim Defendant to redact the social security numbers of KVest's members, but ordered the disclosure of the full names and addresses of KVest members. *See* Nov. 10, 2021 Order [ECF No. 146].

On November 23, 2021, Counterclaim Defendant appealed the November 10, 2021 Order. *See* 800 Cooper's Appeal of Magistrate Decision [ECF No. 148]. On February 28, 2022, the Honorable Joseph H. Rodriguez, U.S.D.J. denied Counterclaim Defendant's appeal, and ordered Counterclaim Defendant to produce the unredacted operating agreement by March 7, 2022. *See* Feb. 28, 2022 Order [ECF No. 159]. By June 10, 2022, Counterclaim Defendant failed to produce the operating agreement, resulting in Counterclaim Plaintiffs filing a motion for sanctions. *See* KL Holdings' Mot. for Sanctions and Contempt [ECF No. 177]. On December 7, 2022, Judge

Rodriguez granted Counterclaim Plaintiffs' motion for sanctions. *See* Dec. 7, 2022 Order [ECF No. 207]. KL Holdings received the unredacted Operating Agreement on December 7, 2022. *See* Countercl. Pls.' Br. at 3 [ECF No. 210-1]. A trial date is not yet scheduled.

Counterclaim Plaintiffs now seek to reopen discovery "for the limited purpose of . . . deposing these newly identified KVest members, obtaining all relevant discovery that may arise as a result of these depositions and fully prosecuting its case." Countercl. Pls.' Br. at 1. In their brief, Counterclaim Plaintiffs state that prior to filing their motion, KL Holdings sought the consent of 800 Cooper to reopen discovery, but that consent was denied. *See id.* Counterclaim Plaintiffs argue good cause exists to reopen discovery to depose KVest members as these members may have relevant information about KL Holdings' claims. *See id.* at 3.

Counterclaim Defendant opposes the motion, arguing that Counterclaim Plaintiffs failed to timely conduct discovery and arguing that the Court did not authorize or contemplate depositions related to the breach of contract claim. Counterclaim Defendant also argues that the instant motion is procedurally deficient as it lacks the necessary affidavit certifying that the moving party conferred with Counterclaim Defendant in an attempt to resolve the issue without court intervention. *See* Countercl. Def.'s Br. in Opp'n at 9 (citing L. CIV. R. 37.1(b)(1)) [ECF No. 215]. 800 Cooper further argues that Counterclaim Plaintiffs did not raise the issue with the Court before filing its motion. *See* L. CIV. R. 37.1(a)(1). Counterclaim Defendant claims that although Counterclaim Plaintiffs emailed counsel to seek consent to reopen discovery, the email does not satisfy the requirements of Local Civil Rule 37.1.[3]

---

[3] The Court acknowledges Counterclaim Plaintiff's failure to fully comply with L. CIV. R. 37.1. However, given this case's protracted litigation history, Counterclaim Defendant's extensive delay in providing court-ordered discovery, Counterclaim Defendant's acknowledgement that Counterclaim Plaintiff sought consent to reopen discovery, and the Court's interest in moving this case along, the Court will excuse Counterclaim Plaintiff's failure to fully comply with the

3

## II.     DISCUSSION

Pursuant to Rule 16, a district court has "broad discretion to control and manage discovery." *Cevdet Aksüt Oğullari Koll, STI v. Cavusoglu*, No. 14-3362, 2017 WL 3013257, at *4 (D.N.J. July 14, 2017) (citations omitted). Scheduling orders may only be modified to reopen discovery for "good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "The good cause standard is 'not a low threshold.'" *Cavusoglu*, 2017 WL 2013257, at *4 (quoting *J.G. v. C.M.*, No. 11-2887, 2014 WL 1652793, at *1 (D.N.J. Apr. 23, 2014)). "To establish good cause in this context, the party seeking the extension must show that the deadlines set forth in the scheduling order 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Williams v. Sullivan*, No. 08-1210, 2011 WL 2119095, at *4 (D.N.J. May 20, 2011) (quoting FED. R. CIV. P. 16(b) advisory committee's note to 1983 amendments). "[P]ermitting discovery extensions in the absence of good cause would 'deprive the trial judges of the ability to effectively manage the cases on their overcrowded dockets.'" *Cavusoglu*, 2017 WL 3013257, at *4 (quoting *Koplove v. Ford Motor Corp.*, 795 F.2d 15, 18 (3d Cir. 1986)).

When asked to reopen discovery, a court must consider "(1) the good faith and diligence of the moving party, (2) the importance of the evidence, (3) the logistical burdens and benefits of re-opening discovery, [and] (4) prejudice to the nonmoving party." *J.G.*, 2014 WL 1652793, at *2 (citing *Marlowe Pat. Holdings LLC v. Dice Elecs., LLC*, 293 F.R.D. 688, 701 (D.N.J. 2013)). The importance of the evidence is a tantamount factor when looking to reopen discovery. *See Virginia St. Fidelco, L.L.C. v. Orbis Prods. Corp.*, No. 11-2057, 2017 WL 2335642, at *3 (D.N.J. May 30,

---

requirements of L. CIV. R. 37.1. The Court will consider Counterclaim Plaintiff's motion to reopen discovery on its merit.

2017) (internal quotations omitted) ("[T]he importance of the evidence Plaintiff[] seeks to include through supplement[al] [discovery] . . . is often the most significant factor.").

Here, Counterclaim Plaintiffs demonstrated good faith and diligence in pursuing underlying discovery.  As early as September 3, 2021, the Court ordered Counterclaim Defendant to produce underlying discovery sought by Counterclaim Plaintiffs.  Counterclaim Defendant resisted the production, ultimately asking the magistrate judge to reconsider her order, and then appealing the magistrate judge's denial of the motion to reconsider.  Even after the magistrate judge's order was affirmed on appeal, Counterclaim Defendant refused to produce the underlying discovery.  It was only after Counterclaim Plaintiffs filed, and prevailed on, a motion for sanctions that the underlying discovery was produced.  Shortly after receiving the discovery on December 7, 2022, Counterclaim Plaintiffs filed the instant motion to reopen discovery on January 9, 2023.  This factor weighs in favor of reopening discovery.

As to the importance of the evidence, Counterclaim Plaintiffs indicate their intent to depose the individuals identified in the underlying discovery produced on December 7, 2022.  In requiring Counterclaim Defendant to disclose the identities of KVest members, the Court found that these members may be knowledgeable about the conduct at issue in this case. *See* Sep. 3, 2021 Order ¶ 2; Feb. 28, 2022 Order ¶ 1 n.1.  Despite Counterclaim Defendant's claim that the Court did not authorize or contemplate the depositions of KVest members, the Court notes that Rule 26(b) permits discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Here, KVest is the sole member of Counterclaim Defendant, 800 Cooper.  Counterclaim Plaintiffs can therefore discover information relevant to the breach of contract claim that is possessed by 800 Cooper's members, through the underlying individual members of KVest.  In the scheme of the extensive litigation and motion

practice in this case, information sought from 800 Cooper's sole member is clearly proportional to the needs of the case. This factor weighs in favor of reopening discovery.

The Court finds the third and fourth factors—the burdens and benefits of re-opening discovery and the prejudice to the non-moving party—weigh in favor of reopening discovery. Counterclaim Plaintiffs benefit from reopened discovery as they are afforded the opportunity to employ discovery that both the district and magistrate judges found they are entitled to. While there is some burden associated with additional delay, in the scheme of this protracted litigation, this burden is negligible. Counterclaim Defendant is unable to make a good-faith argument that it will be prejudiced by the delay. Its failure to produce the underlying discovery, even after its motion to reconsider and appeal of the magistrate judge's order were denied, has contributed to the discovery delays in this case. The Court further notes that a trial date has not yet been scheduled.

Because the factors weigh substantially in favor of reopening discovery, the Court will grant Counterclaim Plaintiffs' motion to reopen discovery.

### III. CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **15th** day of **March**, **2023**, that Counterclaim Plaintiff's Motion to Reopen Discovery [ECF No. 210] is **GRANTED**.

s/ Sharon A. King  
SHARON A. KING  
United States Magistrate Judge

cc:  Hon. Joseph H. Rodriguez, U.S.D.J.